UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:08CV509 RWS ) |
| HANCOCK DEMOLITION & EXCAVATION CO., LLC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

On April 4, 2011, I sent out an Order to Show Cause to defendant why plaintiffs' motion for creditor's bill in equity should not be granted. Defendant has not responded to the Order to Show Cause, and its time for doing so has expired. Defendant was specifically warned that its failure to respond would result in the granting of plaintiffs' motion without further notice by the Court. For the following reasons, the motion will be granted.

This closed matter under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., is before the Court on plaintiffs' motion for a creditor's bill in equity and to pierce the corporate veil. Plaintiffs are several ERISA employee benefit plans, the trustees and fiduciaries of those plans, and a union. Plaintiffs obtained summary judgment in this action against defendant Hancock Demolition & Excavation Co. for unpaid contributions to these plans in the amount of $124,221.36. Plaintiffs now seek to satisfy the remainder of their judgment against defendant from assets of its alleged alter egos: C & H Construction and Excavation, LLC and Clarence Hancock.[1]

---

[1] Plaintiffs have neglected to inform the Court how much of their Judgment remains unsatisfied.

Clarence Hancock is the owner of defendant. Defendant went out of business in May 2009. Efforts to garnish defendant's debtors to satisfy the judgment have been futile. In May of 2009, Clarence Hancock formed C&H Construction and Excavation, LLC, but the company was not organized until April 19, 2010. C&H Construction and Excavation, LLC is owned by Clarence Hancock and his son, Anthony Hancock, but managed exclusively by Clarence Hancock. C&H performs the same type of work performed by defendant, and the only employee of C&H is a former employee of defendant. The only piece of equipment owned by defendant, a track hoe, was transferred to C&H in 2009 or 2010. C&H leases a truck that was formerly leased by defendant, and the owner of this truck is the former registered agent of defendant, Harold Rosen. Mr. Rosen has referred work to both companies, and both companies have worked for the City of St. Louis, Missouri. C&H uses the same bank as defendant, and both companies operate out of the same address, which is owned by Clarence Hancock and Harold Rosen.

This case is governed by ERISA and the Labor Management Relations Act, 29 U.S.C. § 185(a). Under the LMRA, one business is the alter ego of another, and therefore is liable for its obligations, if the two are substantially identical in terms of ownership, management, supervision, business purpose, operations, customers, equipment, facilities, and employees. See Woodline Motor Freight, Inc. v. N.L.R.B., 843 F.2d 285, 288-89 (8th Cir. 1988). Not all of the outlined factors need be identical. Under ERISA, one business entity is the alter ego of another if the two entities exist independently in form only, and those separate forms are used as a subterfuge to defraud, to justify a wrong, or to mislead or discourage pursuit of a legal action. See Greater Kansas City Laborers Pension Fund v. Superior General Contractors, Inc., 104 F.3d 1050, 1055 (8th Cir. 1997).

Federal courts have "the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." H.H. Robertson Co., Cupples

Products Div. v. V.S. DiCarlo General Contractors, Inc., 994 F.2d 476, 477 (8th Cir. 1993) (citation omitted). The Eighth Circuit has "recognized the availability of the creditor's bill in equity under Missouri law." Id. The creditor's bill in equity is a long-recognized but infrequently used tool to assist creditors who seek "to enforce the payment of debts out of assets that cannot be reached by traditional means of execution on a judgment established in a suit at law." Shockley v. Harry Sander Realty Company, Inc., 771 S.W.2d 922 (Mo. Ct. App. 1989). The creditor's bill has its roots in equity jurisprudence, and remains viable in modern times. Although a creditor's bill can be brought in a separate equitable action, it is appropriate to bring it by motion in the underlying lawsuit where judgment was originally obtained. Fleming Cos., Inc. v. Rich, 978 F. Supp. 1281, 1294 (E.D. Mo. 1997).

"A creditor's bill is considered the equitable equivalent of garnishment on execution and is comparable to proceedings supplementary to and in aid of execution." Shockley, 771 S.W.2d at 925 (internal citation omitted). A creditor's bill in equity under Missouri law "enables a judgment creditor to trace the value of the goods and services rendered to an empty-shell corporation to the parties behind such a corporation who have received and benefitted from the property or services." H.H. Robertson Co., Cupples Products Div. v. V.S. DiCarlo General Contractors, Inc., 994 F.2d 476, 477 (8th Cir. 1993) (internal quotation marks and citation omitted). The Missouri alter ego standard applies to such claims. See Mobius Management Sys., Inc. v. West Physician Search, L.L.C., 175 S.W.3d 186, 189 (Mo. Ct. App. 2005).

To pierce the corporate veil under Missouri law and recover from the assets of a corporation's alter ego, a creditor must show that the alter ego has "control" of the entity's finances, policy, and business practices with respect to the transaction at issue. Id. at 188. The creditor must also show a "breach of duty — that this control was used by the corporation to commit fraud or

- 3 -

wrong, to perpetrate the violation of a statutory or other positive legal duty, or to commit a dishonest and unjust act in contravention of plaintiff's "legal rights that caused the injury to the plaintiff. Id. at 188-89. In addition, "the corporate veil may be pierced when a corporation is undercapitalized, or when its assets are stripped to avoid creditors. Inadequate capitalization is circumstantial evidence of an improper purpose or reckless disregard for the rights of others." Id. at 189 (citations omitted).

Missouri law presumes that corporations are separate entities, and courts do not lightly disregard the corporate form to hold one corporation liable for the behavior of another. Mid-Missouri Tel. Co. v. Alma Tel. Co., 18 S.W.3d 578, 582 (Mo. Ct. App. 2000). Missouri courts will "pierce the corporate veil" and hold a defendant liable for the torts of another corporation under the "instrumentality" or "alter ego" theory if the plaintiff can establish:

> 1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction has no separate mind, will or existence of its own; and
>
> 2) such control must have been used by the defendant to commit a fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> 3) the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

Radaszewski by Radaszewski v. Telecom. Corp., 981 F.2d 305, 306 (8th Cir. 1992). This standard is almost identical to the standard applied in ERISA cases. See Kansas City Laborers, 104 F.3d at 1055.

To determine whether one corporation exercised control over another to the extent necessary to pierce the corporate veil, this Court looks to a number of factors, including the ownership and creation or both corporations, the management of the corporations, the physical location of corporate

offices, and the transfer of assets, contracts, and employees between the corporations. See <u>H.H. Robertson Co., Cupples Products Div. v. V.S. DiCarlo General Contractors, Inc.</u>, 789 F. Supp. 998, 1000 (E.D. Mo. 1992).

In this case, the key occurrence is the formation of C&H Construction and Excavation, LLC around the dissolution of defendant but before defendant satisfied its debt to plaintiffs. Clarence Hancock formed this company shortly before summary judgment was entered against defendant. While C&H is owned by Clarence and Anthony Hancock, it is managed exclusively by Clarence Hancock, the owner of defendant. Both companies perform the same type of work, use the same bank, have a common employee, and have performed work for the City of St. Louis. Moreover, equipment once owned by defendant has been transferred to C&H, and C&H leases the same truck leased by defendant. This truck is owned by the former registered agent of defendant, Harold Rosen, who has referred work to both companies. Both companies also operate out of the same address, which is jointly owned by Clarence Hancock and Harold Rosen.

Clarence Hancock offered inconsistent testimony that he formed C&H because he "got tired" of defendant, wanted to change defendant's name, and that he wanted to operate as a corporation, not an LLC, despite the fact that C&H is an LLC. The Court is not persuaded by Mr. Hancock's testimony. It is clear from the uncontraverted evidence that Clarence Hancock controls both defendant and C&H and has used C&H to avoid the judgment against defendant.

Defendant had a positive legal duty under the collective bargaining agreement and federal law to make the required contributions to plaintiffs. Clarence Hancock abandoned defendant and started a new company in order to avoid paying defendant's creditors. This breach of duty has caused injury to plaintiffs, as their judgment has been rendered uncollectible from defendant.

Plaintiffs have shown that C&H Construction and Excavation, LLC and Clarence Hancock are the alter egos of defendant. Plaintiffs are thus entitled to a creditor's bill in order to satisfy the judgment against Hancock Demolition & Excavation Co. from the assets of its alter egos: C&H Construction and Excavation, LLC and Clarence Hancock. Because plaintiffs neglected to inform the Court how much of their original $124,221.36 remains unsatisfied, I will not enter final Judgment until plaintiffs submit a Memorandum advising the Court of the amount sought in their Judgment. Plaintiffs' Memorandum shall be accompanied by a proposed Judgment, which shall be filed as an exhibit to the Memorandum.

Finally, as defense counsel has complied with my Order to Show Cause, the motion to withdraw will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a creditor's bill in equity and to pierce the corporate veil [#83] is granted.

**IT IS FURTHER ORDERED** that the motion to withdraw [#72] is granted.

**IT IS FURTHER ORDERED** that plaintiffs shall file a Memorandum in compliance with this Memorandum and Order within ten (10) days from the date of this Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of April, 2011.