UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No.: 4:08-CV-509 RWS ) |
| HANCOCK DEMOLITION & EXCAVATION CO., LLC, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR A CREDITOR'S BILL AND TO PIERCE THE CORPORATE VEIL**

 **A.** **Procedural History.**

On October 6, 2009, this Court entered a judgment against defendant Hancock Demolition & Excavation Co., LLC in the amount of $124,221.36 for delinquent contributions, liquidated damages, interest, attorneys' fees, and costs owed to plaintiffs under collective bargaining agreements and under the terms of ERISA, 29 U.S.C. §1132. On April 20, 2011, this Court held that C&H Construction and Excavation, LLC and Clarence Hancock were the alter egos of Hancock Demolition & Excavation Co., LLC. Plaintiffs have not been able to collect all of the judgment.

 **B.** **Background Facts.**

Clarence Hancock is the sole owner of defendant Hancock Demolition & Excavation Co., LLC. (Affidavit of Michael A. Evans, ¶2, Ex. 1). Hancock Demolition & Excavation Co., LLC went out of business in May 2009. (Evans Aff. ¶3, Ex. 2). Clarence Hancock formed C&H Construction and Excavation, LLC in May 2009. (Evans Aff. ¶4,

Ex. 2). C&H Construction and Excavation, LLC is owned by Clarence Hancock and his son, Anthony Hancock. Id.

C&H Construction and Excavation, LLC went out of business in the spring of 2011. (Evans Aff. ¶5, Ex. 3). Plaintiffs have garnished all of Clarence Hancock and C&H Construction and Excavation, LLC's known debtors, including Interior Constructions Services, Ltd., Knoebel Construction, Inc., Land Reutilization Authority of the City of St. Louis, and U.S. Bank. (Evans Aff. ¶6). Plaintiffs have no further leads for collection against Hancock Demolition & Excavation Co., LLC. Id.

Anthony Hancock formed a company called TA&H Construction and Excavation, LLC on August 15, 2011. (Evans Aff. ¶7, Ex. 4). Clarence Hancock served as an organizer of TA&H Construction and Excavation, LLC. Id. Anthony Hancock is the sole owner of TA&H Construction and Excavation, LLC. (Evans Aff. ¶8, Ex. 5).

TA&H Construction and Excavation, LLC performs the same type of work that Hancock Demolition & Excavation Co., LLC and C&H Construction and Excavation, LLC previously performed. (Evans Aff. ¶9, Exs. 3, 5). Several employees of TA&H Construction and Excavation, LLC were former employees of Hancock Demolition & Excavation Co., LLC and/or C&H Construction and Excavation, LLC. (Evans Aff. ¶10, Exs. 3, 5). Both C&H Construction and Excavation, LLC and TA&H Construction and Excavation, LLC have performed work for Knoebel Construction, Inc. (Evans Aff. ¶11, Exs. 3, 5). TA&H Construction and Excavation, LLC operates out of the same address as Hancock Demolition & Excavation Co., LLC and C&H Construction and Excavation, LLC. (Evans Aff. ¶13, Exs. 2, 5).

All equipment owned by TA&H Construction and Excavation, LLC was purchased from Clarence Hancock for $50,000. (Evans Aff. ¶12, Exs. 3, 5). All revenue earned by TA&H Construction and Excavation, LLC to date ($50,000) has been paid to Clarence Hancock in exchange for this equipment. (Evans Aff. ¶12, Ex. 5).

Anthony Hancock admitted that Clarence Hancock has been supervising employees in the field and directing projects for TA&H Construction and Excavation, LLC since it was formed. (Evans Aff. ¶14, Ex. 5). However, Clarence Hancock denied having any involvement with TA&H Construction and Excavation, LLC. (Evans Aff. ¶14, Ex. 3). Prior to forming TA&H Construction and Excavation, LLC, Anthony Hancock had no experience in the construction industry. (Evans Aff. ¶14, Ex. 5). To date, Anthony Hancock's role with the company has simply been to observe his father direct work. Id.

The reason Anthony Hancock started TA&H Construction and Excavation, LLC was because: "Oh, well, my dad asked. You know, I guess he was having some troubles with his [company]. And so he asked if I would be willing to start a company up. It's something we had been talking about since I'd been a child, but never a date that we decided we would do it. And I guess, since he was running into some issues, he asked if I could start a company up." (Evans Aff. ¶15, Ex. 5).

C. **Piercing the Corporate Veil.**

To pierce the corporate veil under Missouri law and recover from the assets of a corporation's alter ego, a creditor must show that the alter ego has "control" of the entity's finances, policy, and business practices with respect to the transaction at issue. Mobius Management, 175 S.W.3d at 188. The creditor must also show a "breach of duty—that this control was used by the corporation to commit fraud or wrong, to

perpetrate the violation of a statutory or other positive legal duty, or to commit a dishonest and unjust act in contravention of the plaintiff's legal rights" that caused the injury to the plaintiff.  Id. at 188-89.  In addition, "the corporate veil may be pierced when a corporation is undercapitalized, or when its assets are stripped to avoid creditors. Inadequate capitalization is circumstantial evidence of an improper purpose or reckless disregard for the rights of others."  Id. at 189 (citations omitted).

Here, the key occurrence is the formation of TA&H Construction and Excavation, LLC before Hancock Demolition & Excavation Co., LLC, C&H Construction and Excavation, LLC, and Clarence Hancock satisfied their debt to plaintiffs.  C&H Construction and Excavation, LLC went out of business in the spring of 2011.  TA&H Construction and Excavation, LLC was formed on August 15, 2011.  TA&H Construction and Excavation, LLC was formed by Anthony Hancock, the son of Hancock Demolition & Excavation Co., LLC owner Clarence Hancock.  Both men were owners of C&H Construction and Excavation, LLC.  Moreover, Clarence Hancock served as an organizer of TA&H Construction and Excavation, LLC.

TA&H Construction and Excavation, LLC performs the same type of work that Hancock Demolition & Excavation Co., LLC and C&H Construction and Excavation, LLC previously performed.  Several employees of TA&H Construction and Excavation, LLC were former employees of Hancock Demolition & Excavation Co., LLC and/or C&H Construction and Excavation, LLC. Both C&H Construction and Excavation, LLC and TA&H Construction and Excavation, LLC have performed work for Knoebel Construction, Inc. TA&H Construction and Excavation, LLC operates out of the same address that

Hancock Demolition & Excavation Co., LLC and C&H Construction and Excavation, LLC formerly operated out of.

All equipment owned by TA&H Construction and Excavation, LLC was purchased from Clarence Hancock for $50,000. All revenue earned by TA&H Construction and Excavation, LLC to date ($50,000) has been paid to Clarence Hancock in exchange for this equipment.

Anthony Hancock admitted that Clarence Hancock has been supervising employees in the field and directing projects for TA&H Construction and Excavation, LLC since it was formed. While Clarence Hancock denied having any involvement with TA&H Construction and Excavation, LLC, this denial is simply not credible. Prior to forming TA&H Construction and Excavation, LLC, Anthony Hancock had no experience in the construction industry. To date, Anthony Hancock's role with the company has simply been to observe his father direct work.

Finally, Anthony Hancock formed TA&H Construction and Excavation, LLC at the direction of his father. Anthony Hancock testified:

> Oh, well, my dad asked. You know, I guess he was having some troubles with his [company]. And so he asked if I would be willing to start a company up. It's something we had been talking about since I'd been a child, but never a date that we decided we would do it. And I guess, since he was running into some issues, he asked if I could start a company up.

(Evans Aff. ¶15, Ex. 5).

Hancock Demolition & Excavation Co., LLC, C&H Construction and Excavation, LLC, and Clarence Hancock had a positive legal duty under the collective bargaining agreement and federal law to make the required contributions to plaintiffs. However, C&H Construction and Excavation, LLC was abandoned and TA&H Construction and

Excavation, LLC was formed in order to frustrate plaintiffs' collection efforts. This breach of duty has clearly caused injury to plaintiffs, as their judgment has been rendered uncollectable from Hancock Demolition & Excavation Co., LLC, C&H Construction and Excavation, LLC, and Clarence Hancock.

**D.     The Creditor's Bill in Equity.**

Federal courts have "the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." H.H. Robertson Co. v. V.S. DiCarlo General Contractors, Inc., 994 F.2d 476 (8th Cir. 1993), cert denied, 114 S.Ct. 621 (citations omitted). The creditor's bill in equity is a long-recognized but infrequently used tool to assist creditors who seek "to enforce the payment of debts out of assets that cannot be reached by traditional means of execution on a judgment established in a suit at law." Shockley v. Harry Sander Realty Company, Inc., 771 S.W.2d 922 (Mo. App. 1989). The creditor's bill has deep roots in equity jurisprudence, and remains viable in modern times. Although a creditor's bill can be brought in a separate equitable action, it is entirely appropriate to bring it by motion in the underlying lawsuit where judgment was originally obtained. Fleming Companies, Inc. v. Rich, 978 F.Supp. 1281, 1294 (E.D. Mo. 1997).

Through a creditor's bill, a judgment creditor can "pierce the corporate veil" of its debtor, and satisfy the judgment from the assets of the real parties in interest. Id. The creditor's bill is "intended to address [the] exact situation" of a judgment-proof empty shell corporation. H.H. Robertson, 994 F.2d at 479. As the court noted in Shockley, "the avoidance of debts by the establishment of an empty-shell corporation for the purpose of entering into a contract, the benefits of which are conveyed without consideration and

6

received by the hidden real parties in interest, is a practice that cries out for equitable relief." 771 S.W.2d at 924.

The prerequisites to obtaining a creditor's bill are the existence of a judgment, the issuance of execution against that judgment, and a nulla bona return. Shockley, 771 S.W.2d at 925. "But the cases hold that, where it is shown that the judgment debtor was insolvent, and that the issue of an execution would necessarily be of no practical utility, its issue might be dispensed with." Buckley v. Maupin, 125 S.W.2d 820, 823 (Mo. 1939). No new judgment is needed against those wrongfully in possession of the judgment debtor's assets. Shockley, 771 S.W.2d at 925. In addition, the alter ego entities against whom the creditor's bill is brought need not have been parties to, or even have had formal notice of, the earlier proceedings. H.H. Robertson, 994 F.2d 476; Shockley, 771 S.W.2d at 925.

Various equitable grounds may be used to pierce the corporate veil and obtain relief under a creditor's bill. In cases involving fraudulent transfers, courts have granted creditor's bills when the badges of fraud under the Uniform Fraudulent Transfers Act were present. See, e.g., Fleming Companies, 978 F.Supp. at 1293-94. One badge of fraud is a transfer to an insider, which includes a relative of the debtor. R.S.Mo. §§ 428.009(7)(a); 428.024(2).

Additionally, in H.H. Robertson Co., the Eastern District of Missouri issued a creditor's bill where the original debtor exercised complete control over the alter ego and was unable to pay off its creditors due to fraud. 789 F.Supp. 998, 1000 (E.D. Mo. 1992), aff'd, 994 F.2d 476 (8th Cir. 1993). The Eastern District of Missouri has also granted creditor's bills in similar situations. See, e.g., Greater St. Louis Construction Laborers

7

Welfare Fund v. Sunrise Construction, Inc., 45 EBC 2501, No. 4:05cv481 CAS (January 8, 2009) (opinion attached); Carpenters District Council of Greater St. Louis v. C.J. Howard Const., LLC, 4:06cv103 HEA (December 1, 2008) (docket text order and plaintiffs' Memorandum in Support attached); Greater St. Louis Const. Laborers Welfare Fund v. Marshall-Long, 4:04cv988 CDP (May 8, 2006) (opinion attached).

Plaintiffs have obtained a judgment against Hancock Demolition & Excavation Co., LLC, C&H Construction and Excavation, LLC, and Clarence Hancock but have no further meaningful leads for collection against them. Therefore, plaintiffs are entitled to a creditor's bill. Moreover, there are numerous similarities between Hancock Demolition & Excavation Co., LLC, C&H Construction and Excavation, LLC, and TA&H Construction and Excavation, LLC. Finally, Anthony Hancock is an "insider" because he is the son of Clarence Hancock. Under these circumstances, the only explanation for the formation of TA&H Construction and Excavation, LLC is to avoid paying the debts owed to plaintiffs.

### E. Conclusion.

The corporate veil of TA&H Construction and Excavation, LLC should be pierced because it is controlled by Clarence Hancock and the formation of that company has prevented plaintiffs from collecting their debt. Moreover, plaintiffs are entitled to a creditor's bill in order to satisfy the judgment against Hancock Demolition & Excavation Co., LLC, C&H Construction and Excavation, LLC, and Clarence Hancock from the assets of TA&H Construction and Excavation, LLC.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
7730 Carondelet Avenue, Suite 200
St. Louis, Missouri 63105
Phone: (314) 727-1015
Fax:    (314) 727-6804


_____/s/ Michael A. Evans____
MICHAEL A. EVANS, #534636

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2012 the foregoing was filed electronically with the Clerk of the Court and mailed to: Hancock Demolition, 6637 Thurston, St. Louis, MO 63134; Clarence Hancock, 6637 Thurston, St. Louis, MO 63134; C&H Construction and Excavation, LLC, 6637 Thurston, St. Louis, MO 63134; TA&H Construction and Excavation, LLC, 60 Reasor Dr., St. Louis, MO 63135; TA&H Construction and Excavation, LLC, 2865 Hamilton, St. Louis, Missouri 63112.

_____/s/ Michael A. Evans____