UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:08CV509 RWS<br>)<br>) |
| HANCOCK DEMOLITION & EXCAVATION CO., LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S RESPONSE
TO PLAINTIFFS MOTION FOR CREDITOR'S BILL AND TO
PIERCE THE CORPORATE VEIL**

**FACTS**

1. Clarence Hancock was the sole owner of Defendant, Hancock Demolition & Excavation Company, LLC and was an owner of C & H Construction and Excavation, LLC. (See Affidavit of Clarence Hancock, Exhibit 1).

2. Due to a garnishment filed by Plaintiff against C & H Construction and Excavation, LLC, C & H Construction and Excavation, LLC was unable to meet its financial obligations and was forced out of business in Spring of 2011. (See Affidavit of Clarence Hancock, Exhibit 1).

3. That Clarence Hancock then sold the equipment of C & H Construction and Excavation, LLC to a company formed and owned by his son, Anthony Hancock for the sum of Fifty Thousand Dollars ($50,000). Said sum was paid from the proceeds of Anthony Hancock's company, T A & H Construction and Excavation, LLC. (See Clarence Hancock Affidavit, Exhibit 1).

4. Clarence Hancock advised T A & H Construction and Excavation, LLC until he received all of the proceeds for the equipment. (See Clarence Hancock Affidavit, Exhibit 1).

**LEGAL ARGUMENT**

I. Piercing the Corporate Veil.

Plaintiff argues that the corporate veil of C & H Construction and Excavation, LLC (hereafter C & H) should be pierced and that liability for C & H should be imposed on T A & H Construction and Excavation, LLC, (hereinafter TA & H). Clarence Hancock is not an owner nor an organizer of TA & H and if an organizer, is not an owner nor does he sit on the Board of Directors and as such has no say as to how the company is run. Further, Plaintiff is arguing that the formation of T A & H Construction and Excavation, LLC before the satisfaction of C & H's debt by Defendants is misplaced. Defendant, Clarence Hancock and C & H Construction and Excavation, LLC, were put out of business due to their inability to meet their financial obligations. The formation of a new company not owned by Defendant Hancock or Defendant C & H Construction and Excavation, LLC, has nothing to do with the formation of a new company. In essence, Clarence Hancock has retired due to his age and his son began a new business. As Clarence Hancock has no control over this new company, he cannot speak as to whether it should be liable for his debt or debt of his defunct company.

Without TA & H as a party, we cannot know why it was formed, nor why Anthony Hancock did not simply buy his father's company C & H. If there are reasons to hold TA & H liable as a successor company under Erisa and the Labor Management Relations Act, 29 U.S.C. §185(a), we cannot do so on the facts alleged without input from TA & H. As stated in <u>Greater Kansas City Laborer's Pension Fun v. Superior General Contractors, Inc.</u>, 104 F.3d 1050, 1055, ERISA policy interests of disregard of the Corporate entity are not implicated when no

2

individual employee is denied pension benefits. Such is the case here. This is an attempt to collect Pension fund contributions. As such we need to look at the control of one entity over the other under the corporate law standard. Id at 1055

II. Creditor's Bill in Equity.

Plaintiff seeks to pierce the corporate veil by getting a creditor's bill in equity. Again, Defendants to this suit are not owners of the company, TA&H Construction and Excavation, LLC. As such, Defendants cannot respond for TA&H. Futher, this court has previously pierced the corporate veil of Defendant Hancock Demolition, entering judgment against Clarence Hancock, individually and his new company C&H, which is no longer operating. All of the precedents cited by Plaintiffs have to do with piercing a corporate veil to get to the parties who are benefiting from a transaction and who seek to avoid liability by having a corporate shell entity. Such entities were either under funded or an empty shell. In those cases, the courts entered a creditor's bill in equity and pierced the corporate veil allowing the judgment Creditor to obtain a judgment against the party who actually benefited and received funds as opposed to a shell corporation which was uncollectible. Although Plaintiff claims that its judgment is now uncollectible, against Defendants herein, Plaintiffs' own allegations indicate that Defendant, Clarence Hancock, received Fifty Thousand Dollars ($50,000) recently. Moreover, Plaintiff does not allege that C & H was an empty shell. In fact, Plaintiff was successful in collecting on garnishments served on C & H. Plaintiff fails to allege that it is only owed approximately Twenty-nine Thousand Dollars ($29,000) at this time after C & H attempted to pay the debt herein. Rather than allowing C & H to pay the debt at a rate that was sustainable by it, Plaintiff filed a garnishment against all of C & H Companies' creditors thereby depriving Defendant C &

H Construction the ability to remain in business. As such, Clarence Hancock retired and sold the only assets of C & H Construction Company to TA&H Construction and Excavation, LLC.

The case of H.H. Robertson Co. v. V.S. DiCarlo General Contractors, Inc. 994 F.2d 476 (8th Cir. 1193), Cert. denied, 114 S.Ct. 621 (citations omitted) is distinguishable on the grounds that Plaintiff is not seeking to reach hidden assets of C & H or Clarence Hancock. C & H did not transfer the assets to TA & H without consideration. Further, in H.H. Robertson, the two companies held liable for the debts of the judgment debtor were notified of the proceedings through service of the creditor's bill and garnishment. The assets garnished were assets of the two companies. The distinguishing factors here are garnishments to collect the judgment against C & H were successful and that C & H was not a shell company. After the garnishments successfully served on C & H's creditor's, C & H went out of business and sold for consideration its assets to T A & H. As cited by the H.H. Robertson Court, Shockley vs. Harry Sander Realty Company., 771 S.W. 2d 922 (Mo.App.1984) held that a precursor to a creditor's bill is one [judgment] against the original debtor, not against the party wrongfully in possession of the judgment debtor's assets. Id. At 925. TA & H is not wrongfully in possession of TA & H's assets as it paid full consideration for C & H's assets. Further, Shockley itself is distinguishable because it dealt with obtaining payment from the party who actually benefited from the goods and services rendered to the Shell Corporation. Shockley, at 925. In that case Mr. Shockley, a plumber, was hired by Harry Sanders Realty Company (hereafter HRS) to perform work. Shockley obtained Judgment against Harry Sanders Realty Company (hereafter HRS) and attempted to collect its Judgment to no avail through another lawsuit filed against Middlewest Realty and H.A. S. Investments, Inc., wherein Shockley discovered that HRS was a shell company for H.A.S. Investments, Inc. HRS had no assets, bank accounts, employees, never did

business and H.A.S Investments paid for HRS letterhead, envelopes, supplies and franchise taxes. In finding H.A.S. Investments liable on a creditor's bill, the court cited Linder v. Hawkeye – Security Ins. Co., 472 S.W.2d 412 (Mo.banc 1971) for the proposition that a creditor's bill is a viable remedy and also cited State ex. rel. Brigance v. Smith, 345 Mo.793,135S.W.2d 355,358 (1940) for the proposition that an unsecured creditor may use creditor's bill to enforce payment of debt by setting aside fraudulent transfers or reaching hidden assets. No allegation is made by Plaintiff that TA & H benefited from any transaction between Plaintiff and Judgment Debtors, nor has Plaintiff alleged that the transfer of C & H Assets to T & H was fraudulent.

III.    Necessary Party – Due Process

Rule 19 provides:

(a)    Persons required to be joined if feasible.

(1)    **Required Party** – A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:

(A)    In that person's absence, the court cannot accord complete relief among existing parties;

(B)    That person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i)    as a practical matter impair or impede the person's ability to protect the interest;

Plaintiff in its own pleadings acknowledge that Defendant Clarence Hancock has no ownership interest in TA&H, yet seeks to impose liability upon it without joining it as

a party. Not only would adjudication of this matter impair or impede TA&H's ability to protect its interest, but actually seeks to impose liability upon it without any opportunity to defend itself. Such a tactic violates due process as well as Rule 19.

## Conclusion

For all the foregoing reasons, Plaintiff's Motion for Creditor's Bill in Equity and to pierce the corporate veil should be denied.

Respectfully submitted,

/s/Steven S. Fluhr, MO36356
225 S. Meramec Avenue, Suite 532T
Clayton, Missouri 63105
(314) 721-4472/Facsimile 725-8006
Attorney for Defendant
fluhrstl@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2012, the foregoing was filed electronically wit the Clerk of Court to be served by operation of the Court's electronic filing system upon Michael A. Evans, Hammond and Shinners, P.C. 7730 Carondelet Avenue, Suite 200, St. Louis, Missouri 63105.

/s/Steven S. Fluhr, MO36356