UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No.: 4:08-CV-509 RWS ) |
| HANCOCK DEMOLITION & EXCAVATION CO., LLC, | ) ) ) |
| Defendant. | ) ) |

## REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
## FOR A CREDITOR'S BILL AND TO PIERCE THE CORPORATE VEIL

Previously, plaintiffs received a judgment against defendant Hancock Demolition & Excavation Co., LLC. That company was abandoned and plaintiffs successfully established that C&H Construction and Excavation, LLC and Clarence Hancock were its alter egos. After engaging in collection efforts, $33,447.10 remains owing on the judgment.

C&H Construction and Excavation, LLC has since ceased doing business and plaintiffs now seek to show that a successor company, TA&H Construction and Excavation, LLC, is the alter ego of the above-mentioned parties. Defendant argues that plaintiffs' Motion for a Creditor's Bill and to Pierce the Corporate Veil should be denied for several reasons. Because these reasons lack merit, plaintiffs' Motion should be granted.

I.     **Clarence Hancock Exercised Sufficient Control Over TA&H Construction and Excavation, LLC**

Defendant argues that Clarence Hancock merely acted as a seller of equipment to

TA&H Construction and Excavation, LLC. Clarence Hancock did sell all his equipment to TA&H Construction and Excavation, LLC for $50,000.[1] (Evans Aff. ¶12, Exs. 3, 5).[2] However, unlike an arms-length seller of equipment, Clarence Hancock exercised significant control over both the formation and subsequent operation of TA&H Construction and Excavation, LLC.

TA&H Construction and Excavation, LLC was formed at the request of Clarence Hancock. When asked why he started TA&H Construction and Excavation, LLC, his son, Anthony Hancock replied: "Oh, well, my dad asked. You know, I guess he was having some troubles with his [company]. And so he asked if I would be willing to start a company up. It's something we had been talking about since I'd been a child, but never a date that we decided we would do it. And I guess, since he was running into some issues, he asked if I could start a company up." (Evans Aff. ¶15, Ex. 5). Clarence Hancock even served as an organizer of TA&H Construction and Excavation, LLC. (Evans Aff. ¶7, Ex. 4).

More importantly, Clarence Hancock has played a critical role in managing the operations of TA&H Construction and Excavation, LLC. Initially, Clarence Hancock denied having any involvement with TA&H Construction and Excavation, LLC. (Evans Aff. ¶14, Ex. 3). However, as per defendant's Response brief, he has since

---

[1] As of February 2012, all revenue earned by TA&H Construction and Excavation, LLC ($50,000) has been paid to Clarence Hancock in exchange for this equipment. (Evans Aff. ¶12, Ex. 5).
[2] This affidavit and exhibit were attached as exhibits to plaintiffs' Motion for a Creditor's Bill (Document 144).

retracted this statement. <u>See</u> Hancock Affidavit ¶5 (Document 162).[3] Clarence

Hancock's retraction makes sense given the previous testimony of his son. Earlier,

Anthony Hancock admitted that Clarence Hancock supervised employees and directed

projects for TA&H Construction and Excavation, LLC. (Evans Aff. ¶14, Ex. 5). Indeed,

Anthony Hancock appears to be a figurehead owner: (1) he lacked any prior experience in

the construction industry and (2) as of February 10, 2012, his role with the company has

simply been to observe his father direct work. <u>Id.</u>

Finally, the numerous similarities between TA&H Construction and Excavation,

LLC, Hancock Demolition & Excavation Co., LLC, and C&H Construction and

Excavation, LLC cannot be ignored. Both companies perform the same type of work,

share the same address and several employees, and have performed work for the same

customer. (Evans Aff. ¶¶9-11, 13, Exs. 2-3, 5).

## II.     The $50,000 Paid to Clarence Hancock Does Not Preclude a Creditor's Bill

Defendant argues that the underlying judgment is not uncollectible due to the

$50,000 received from Clarence Hancock by TA&H Construction and Excavation, LLC.

According to Clarence Hancock, the $50,000 was received in cash, making it impossible

to levy upon. <u>See</u> the November 19, 2011 deposition of Clarence Hancock at p. 9

(Document 144-4). Given the difficulties of tracing cash, the most likely result is that

this money is now long gone. Moreover, nothing in Clarence Hancock's affidavit

---

[3] This is not the first time Clarence Hancock has offered inconsistent testimony in this
matter. In its April 20, 2011 Order, this Court observed: "Clarence Hancock offered
inconsistent testimony that he formed C&H because he 'got tired' of defendant, wanted
to change defendant's name, and that he wanted to operate as a corporation, not an LLC,
despite the fact that C&H is an LLC. The Court is not persuaded by Mr. Hancock's
testimony. It is clear from the uncontraverted evidence that Clarence Hancock controls
both defendant and C&H and has used C&H to avoid the judgment against defendant."
(Document 87).

suggests that he is still in possession of these funds.  <u>See</u> Hancock Affidavit ¶5 (Document 162).  As such, the mere speculation that Clarence Hancock has seizable assets cannot preclude a creditor's bill.  <u>See Buckley v. Maupin</u>, 125 S.W.2d 820, 823 (Mo. 1939) ("But the cases hold that, where it is shown that the judgment debtor was insolvent, and that the issue of an execution would necessarily be of no practical utility, its issue might be dispensed with.").

### III.    TA&H Construction and Excavation, LLC is Not a Necessary Party

Defendant argues that before plaintiffs' Motion can be ruled upon, TA&H Construction and Excavation, LLC must be joined as a necessary party pursuant to F.R.C.P. 19.  A creditor's bill does not require that the alter ego entities be a party to the earlier proceedings.  <u>See H.H. Robertson Co. v. V.S. DiCarlo General Contractors, Inc.</u>, 994 F.2d 476 (8th Cir. 1993), <u>cert denied</u>, 114 S.Ct. 621 (citations omitted); <u>Shockley v. Harry Sander Realty Company, Inc.</u>, 771 S.W.2d 922 (Mo. App. 1989).  Moreover, plaintiffs' Motion was mailed to TA&H Construction and Excavation, LLC.  If that entity wished to contest plaintiffs' Motion, it had adequate opportunity to do so.  <u>See H.H. Robertson</u>, 994 F.2d at 478 ("Cupples served copies of relevant pleadings describing the creditor's bill procedure on DiCarlo and Delta's counsel.  DiCarlo Construction and Delta had notice that they were being subjected to the creditor's bill procedure, and had an ample opportunity to fully present their defenses before the court's April 15, 1992 order.").

### IV.    Conclusion

TA&H Construction and Excavation, LLC was formed at the direction of Clarence Hancock and he was personally involved in its operation and management.

Under these circumstances, TA&H Construction and Excavation, LLC is the alter ego of Hancock Demolition & Excavation Co., LLC, C&H Construction and Excavation, LLC, and Clarence Hancock and a creditor's bill should issue.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
7730 Carondelet Avenue, Suite 200
St. Louis, Missouri 63105
Phone: (314) 727-1015
Fax: (314) 727-6804


_____/s/ Michael A. Evans_____
MICHAEL A. EVANS, #58583

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2012 the foregoing was filed electronically with the Clerk of the Court to be served upon Steven S. Fluhr, 225 S. Meramec Ave., Suite 532T, Clayton, MO 63105 and mailed to: TA&H Construction and Excavation, LLC, 60 Reasor Dr., St. Louis, MO 63135; TA&H Construction and Excavation, LLC, 2865 Hamilton, St. Louis, Missouri 63112.


_____/s/ Michael A. Evans_____